IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD ROSS, ) | |
| ) | |
| Plaintiff, ) | C.A. No.:  06 - 272 |
| ) | |
| v. ) | |
| ) | Trial By Jury Demanded |
| SEARS ROEBUCK & COMPANY, ) | |
| a/k/a SEARS ROEBUCK & CO. ) | |
| Defendant. ) | |

**COMPLAINT**

**THE PARTIES**

1. The plaintiff, Ronald Ross (hereinafter referred to as "Plaintiff") is a resident of the State of Delaware, residing in New Castle County.

2. The defendant, Sears Roebuck & Company. (hereinafter referred to as "Defendant") is an entity organizing and existing under the laws of the State of New York, whose agent for services of process within the State of Delaware is the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3. At all times relevant, the defendant has continually now and in the past had fifteen (15) or more employees for each working day, for each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

4. The defendant at all times pertinent, prior to the discharge of the plaintiff, the employer of the plaintiff.

5. At all relevant times the defendant, has continuously been engaged in an industry effecting commerce within the meaning of the ADA §101(5), 42

U.S.C.§12111(5), and ADA §107(a), 42 U.S.C.§11217(a), which incorporates by reference §701(g)-(h) of Title VII, 42 U.S.C.§§2000e(g)(h).

6.  At all relevant times, the defendant has been a covered entity under the ADA, §101(2), 42 U.S.C.§12111(2).

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over the "Americans With Disabilities Act" claims, pursuant 28 U.S.C. §1331 and 28 U.S.C. §1343. This Court has jurisdiction over ancillary matters pursuant to 28 U.S.C. §1367.

8.  This action is authorized and instituted pursuant to §107(a) of the "Americans With Disabilities Act" of 1990 ("ADA") (42 U.S.C. §12101 et. seq, which incorporates by reference §706(f)(1) & (3) of the Civil Rights Act of 1964 ("Title VII").

9.  Venue for all causes of action stated herein lies in the District of Delaware, under 28 U.S.C.§1331, and the acts alleged as the basis for these actions took place within the boundaries of this district, although facts relevant to these proceedings may have also taken place in the State of Maine.

## PREREQUISITES

10.  The plaintiff has met the prerequisites for filing suit under the ADA. On June 22, 2004, the plaintiff filed simultaneously with the Delaware Department of Labor and the Equal Employment Opportunity Commission "The Charges" alleging that he has been discrimination against in violation of Title VII of the ADA. (A copy of that charge is attached hereto as Exhibit No. 1).

11.  The Equal Employment Opportunity Commission has issued a "Dismissal and Notice of Rights" letter, otherwise known as a "Right to Sue Letter" on February 1, 2006 (a copy of which is attached hereto as Exhibit No. 2).

12.  The plaintiff has filed suit in this matter within ninety (90) days of the receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

13.  The plaintiff was born on January 5, 1954.

14.  On or about October 19, 1970, the plaintiff was given a psychological evaluation, which indicated he had a verbal IQ below 45, a performance scale IQ of 47 and a full scale IQ of 46.

15.  A more recent psychological evaluation has concluded that the plaintiff has reading skills of an IQ below 45, which placed him reading at a kindergarten level.

16.  The psychological evaluation referred to in ¶15, concluded that the plaintiff functions with impaired levels of cognitive, academic and functional daily skills, without thought or personality disorder.

17.  The plaintiff was hired by the defendant on or about May 12, 1976 at its then location at North Market Street, as a receiving associate.

18.  The employment with the defendant was convenient to the plaintiff's residence, so that the plaintiff could ride to work on his bike.

19.  Subsequently, the defendant relocated it store to the Concord Mall, located on Route 202, Wilmington, Delaware.

20.  The plaintiff, with the assistance of the Delaware Department of Labor, Division of Vocational Rehabilitation, and after study and training, received his motor

vehicle license, which allowed him to continue his employment by driving to and from work.

21. Throughout his many years of employment with the defendant, the plaintiff was a exemplary employee at all times, performing his job duties in a satisfactory fashion, having been given many citations and/or awards for the quality of his work.

22. In 2004, the defendant assigned a new manager to the Concord Pike store, a John Peterson, on a temporary assignment to introduce a new method of inventory, using a program, known as a "Sears Network Communicator".

23. The defendant, by its manager Peterson, quickly concluded that the plaintiff was not capable of performing his job even though his previous supervisor had not found fault with his employment over many years.

24. Peterson began to discipline the plaintiff and issue negative evaluations and warning of his termination.

25. With his termination possible, the plaintiff consulted the Delaware Department of Labor, Division of Vocational Rehabilitation.

26. The Delaware Department of Labor, Division of Vocational Rehabilitation contacted a psychologist for evaluation of the plaintiff, and concluded that if assigned an approved job coach, he would be able to use the "Sears Network Communicator".

27. Approval for a job coach was obtained on April 27, 2004 and arrangements were made for the job coach to accompany the plaintiff to Sears.

28. When the Delaware Department of Labor attempted to contact the Sears manager, on numerous occasions, to begin the coaching, Sears did not return their

calls, and on one occasion left them on hold for over twenty (20) minutes, then hung up on them.

29. Shortly thereafter, on April 30, 2004 the plaintiff received a second "Documentation of Performance Issues" which copied everything from the initial evaluation, and effectuated the termination of the plaintiff.

30. Thereafter, the plaintiff applied for unemployment benefits under the laws of the State of Delaware, and was awarded unemployment benefits by a decision dated March 21, 2005, which concluded that the plaintiff was "...discharged from his work without just cause in connection with his work."

31. The defendant has discriminated against the plaintiff on the basis of his disability, and/or perceived disability by terminating his employment, without providing an opportunity for a job coach to fully and completely train him with regards to the essential functions of his job, and failed to consider or provide a transfer, and failed to engage in an interactive process.

## COUNT I

### Violation of the Americans With Disabilities Act

32. The plaintiff incorporates here in and makes a part hereof the allegations contained in paragraphs 1 through 31.

33. The actions of the defendant in failing to make a reasonable accommodation of the plaintiff's disabilities in violation of the Americans With Disabilities Act, 42 U.S.C. §12112(b)(5)(a).

34  The actions of the defendant in failing to provide reasonable accommodation to the plaintiff are in violation of the Americans With Disability Actions 42 U.S.C. §12112(b)(5)(a).

35  The actions of the defendant in terminating the employment of the plaintiff and refusing to provide a reasonable accommodation were all in violation of the Americans With Disability Actions 42 U.S.C. §12112(b)(5)(a).

34.  At all times herein, the actions of the defendant have been committed in bad faith.

35.  As a direct and proximate result of the defendant's discriminatory conduct, the plaintiff has suffered severe emotional distress, humiliation, emotional pain and suffering, mental anguish and other non-pecuniary losses.

36.  As a direct and proximate result of the defendant's discriminatory conduct, the plaintiff has incurred lost wages and benefits.

37  The defendant, by its actions, willfully, maliciously, and intentionally, with reckless indifference discriminated against the plaintiff in violation of the Americans With Disabilities Act, 42 U.S.C.§11212, and in doing so, is subject to punitive damages.

## COUNT II

38.  The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 37.

39.  The defendant, by and through its actions of its agents, servants and employees retaliated against the plaintiff, and discharged the plaintiff for requesting a reasonable accommodation in violation of 42 U.S.C.§12203.

WHEREFORE, the plaintiff requests judgment in her favor as follows:

    a.    Award lost wages, both for past lost wages and future lost wages constituting such damages as the Court deems appropriate, and front pay.

    b.    Directing the defendant pay to the plaintiff all reasonable medical expenses incurred by the defendant's actions.

    c.    Direct that the defendant pay to the plaintiff reasonable sums of money to compensate the plaintiff for her pain and suffering.

    d.    Direct that the defendant pay to the plaintiff reasonable sums as punitive and exemplary damages.

    e.    Award to the plaintiff his attorney fees, litigation expenses, and all reasonable Court costs.

    f.    Award injunctive and equitable relief in the form of reinstatement and/or front pay.

    g.    Such other and further relief that this Court shall deem appropriate.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiffs

DATED: April 26, 2006

| js 44 (REV. 07/89) | CIVIL COVER SHEET | 06-272 |
|---|---|---|

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papaers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpsoe of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

### I (a) PLAINTIFFS
RONALD ROSS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF__ New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
SEARS ROEBUCK & COMPANY, A/K/A SEARS ROEBUCK & CO.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary W. Aber, Esquire, Aber, Goldlust, Baker & Over, 702 King Street, Suite 600, Wilmington, DE 19801

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
☐ 1 U.S. Government
☐ 2 U.S. Government Defendant
☒ 3 Federal Question
☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x1 | ☐1 | incorporated or Principal Place Of Business in This State | ☐4 | 4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place Of business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)
28 U.S.C. §1331 and 42 U.S.C. §12101 et.seq.

### V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 422 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury -- Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Property Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Equipment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statues |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Right | | | |

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Judge from Magistrate Judgment   Appeal to District

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE April 26, 2006.
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06 - 272_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

APR 2 6 2006

(Date forms issued)

_Joseph L. Bartel_
(Signature of Party or their Representative)

_Joe E Barton_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action