IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD ROSS,<br><br>     Plaintiff.<br><br>     v.<br><br>SEARS ROEBUCK & COMPANY,<br>a/k/a SEARS ROEBUCK & CO.,<br><br>     Defendant. | :<br>:<br>:<br>:<br>:<br>:  CA No. 06-272 (SLR)<br>:<br>:<br>:  **ANSWER**<br>: |

Defendant Sears Roebuck & Co hereby responds as follows to Plaintiff's Complaint:

## THE PARTIES

1.  Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

2.  Admitted.

3.  Admitted.

4.  Defendant admits only that it formerly employed Plaintiff. Defendant denies the balance of the allegations.

5.  Admitted.

6.  Admitted.

## JURISDICTION AND VENUE

7. This paragraph states conclusions of law to which no response is required. Defendant admits only that this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

8. Admitted.

9. This paragraph states conclusions of law to which no response is required. Defendant admits only that venue is proper in this Court. Defendant denies all other factual allegations in this paragraph.

## PREREQUISITES

10. Defendant admits that on June 22, 2004, Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission and the Delaware Department of Labor. The remaining allegations in this paragraph state conclusions of law to which no response is required. To the extent that the remaining allegations in this paragraph make allegations of fact, Defendant denies those allegations.

11. Admitted.

12. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

## FACTUAL ALLEGATIONS

13. Admitted.

14. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

15. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

16. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

17. Admitted.

18. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

19. Admitted.

20. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

21. Denied.

22. Denied.

23. Denied.

24. Denied as stated.

25. Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

26.  Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

27.  Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

28.  Denied.

29.  The April 30, 2004 "Documentation of Performance Issues" is a writing which speaks for itself. Defendant denies any allegations in this paragraph which mischaracterize the document.

30.  Defendant is without sufficient information to admit or deny the allegations in this paragraph and, therefore, denies them and leaves Plaintiff to his proofs.

31.  Denied.

## COUNT I

### Violation of the Americans with Disabilities Act

32.  Defendant repeats its answers to Plaintiff's allegations contained in the Paragraphs 1 through 31 and makes them Paragraph 32 of this, Count I, as though the same were fully set forth at length therein.

33.  Denied.

34.  Denied.

35.  Denied.

34. [sic]    Denied.

35. [sic]    Denied.

36.    Denied.

37.    Denied.

## COUNT II

38.    Defendant repeats its answers to Plaintiff's allegations contained in the Paragraphs 1 through 31 and makes them Paragraph 38 of this, Count II, as though the same were fully set forth at length therein.

39.    Denied.

**WHEREFORE,** Defendant Sears Holdings Company denies that Plaintiff is entitled to any relief and demands dismissal of Plaintiff's Complaint with prejudice, together with attorneys' fees, costs of suit, and such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate his damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable Statute of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct any alleged discrimination and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are vague and subjective and are therefore unconstitutional under the provisions of the United States Constitution and the Delaware Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of fraud, laches, and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant may not be held liable for punitive damages because it engaged in good faith efforts to prevent discrimination and to comply with all anti-discrimination and other applicable laws.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

### NINTH AFFIRMATIVE DEFENSE

All actions taken by Defendant concerning Plaintiff's employment were taken for legitimate business reasons unrelated to his alleged complaints of discrimination, none being admitted.

## **TENTH AFFIRMATIVE DEFENSE**

Plaintiff was not qualified to perform the essential functions of his job, with or without an accommodation.

Dated: June 5, 2006

BALLARD SPAHR ANDREWS
& INGERSOLL, LLP

_____
William M. Kelleher, Esquire (No. 3961)
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: kelleherw@ballardspahr.com

Steven W. Suflas, Esquire (*Pro Hac Vice*)
Jennifer L. Sova, Esquire (*Pro Hac Vice*)
Plaza 1000 - Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3400
Facsimile: (856) 873-9041
E-mail: suflas@ballardspahr.com
         sovaj@ballardspahr.com
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I, William M. Kelleher, do hereby certify that on the 5th day of June, 2006 I caused a true and correct copy of Defendant Sears Holdings Company's Answer to be filed electronically with the Court via ECF and to be served by same upon the following individual:

>Gary W. Aber, Esquire
>Attorney for Plaintiff
>702 King Street, Suite 600
>P.O. Box 1675
>Wilmington, DE 19899

William M. Kelleher