**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RONALD ROSS, | : |
| | : |
|        Plaintiff. | : |
| | : |
|        v. | : |
| | :    CA No. 06-272 (SLR) |
| SEARS ROEBUCK & COMPANY, | : |
| a/k/a SEARS ROEBUCK & CO., | : |
| | : |
|        Defendant. | : |

## DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S COMPLIANCE WITH HIS DISCOVERY OBLIGATIONS

Defendant Sears, Roebuck and Co. ("Sears" or "Defendant"), by and through its undersigned counsel, hereby move (the "Motion") to compel Plaintiff Ronald Ross's compliance with the Court's December 18, 2007 Scheduling Order, Federal Rule of Civil Procedure 33, Federal Rule of Civil Procedure 34, and Local Civil Rule 9.4(b). More specifically, Sears seeks an Order compelling Plaintiff to provide his Initial Disclosures, which were due on January 10, 2008, answers to Sears's First Set of Interrogatories and First Set of Requests for Production, both of which were served on him on December 13, 2007, and provide a written statement of damages within ten days, the demand for which was made on December 7, 2007. In support of this motion, Defendant states the following:

1.      On December 7, 2007, pursuant to Local Civil Rule 9.4(b), Defendant made a demand for a written statement of damages claimed by Plaintiff Ronald Ross for the above-referenced matter. A true and correct copy of Defendant's December 7, 2007 letter to Plaintiff's counsel, is attached hereto as Exhibit A.

2.      Despite Defendant's formal demand, Plaintiff's counsel, to date, still has not provided Defendant with a written statement of damages claimed by Plaintiff. Nor has Plaintiff's counsel provided Defendant with a settlement demand, which Defendant had been requesting since the Summer of 2006.

3.      On December 13, 2007, Defendant sent Plaintiff's counsel Sears's Initial Disclosures, First Set of Interrogatories, and First Set of Requests for Production. Defendant also noticed Plaintiff's deposition for February 14 and 15, 2008. A true and accurate copy of Defendant's December 13, 2007 letter to Plaintiff's counsel, with all enclosures, is attached hereto as Exhibit B.

4.      On December 18, 2007, the Court during the parties' Rule 16 Conference ordered that Plaintiff's Initial Disclosures be served on Sears by January 10, 2008. To date, Plaintiff's counsel still has not supplied Defendant with his client's Initial Disclosures.

5.      On January 16, 2008, Defendant wrote Plaintiff's counsel because Defendant had not received a written statement of damages, settlement demand, Plaintiff's Initial Disclosures, or responses to the written discovery Defendant sent to Plaintiff's counsel on December 13, 2007. Defendant asked Plaintiff's counsel to provide responses to Sears's written discovery and Initial Disclosures promptly. A true and accurate copy of Defendant's January 16, 2008 letter to Plaintiff's counsel is attached hereto as Exhibit C. Plaintiff's counsel did not respond to this letter.

6.      On January 25, 2008, Defendant yet again wrote to Plaintiff's counsel as Defendant still had not received a written statement of damages, settlement demand, Plaintiff's Initial Disclosures, or responses to the written discovery Defendant sent to Plaintiff's counsel on

December 13, 2007. In this letter, Defendant told Plaintiff's counsel that if he did not respond by February 1, 2008, Defendant would contact the Court for assistance. Defendant also told Plaintiff's counsel that Defendant had no choice but to postpone his client's February 14-15 deposition due to Plaintiff's failure to answer Sears's written discovery. A true and accurate copy of Defendant's January 25, 2008 letter is attached hereto as Exhibit D. Plaintiff's counsel did not respond to this letter.

7.      On February 13, 2008, Defendant left a telephone message at Plaintiff's counsel's office asking him to call to discuss this litigation. Plaintiff's counsel never returned Defendant's telephone call.

8.      Still having no response from Plaintiff's counsel, Defendant wrote him again on February 14, 2008 and told him that if he did not provide Plaintiff's Initial Disclosures or Plaintiff's responses to Sears's written discovery by February 26, 2008, Defendant would file a motion with the Court seeking to compel Plaintiff's compliance with his discovery obligations. A true and accurate copy of Defendant's February 14, 2008 letter is attached hereto as Exhibit E. Once again, Plaintiff's counsel did not respond to Defendant's letter.

9.      Pursuant to Local Civil Rule 7.1.1, Defendant avers that it has made a reasonable effort to reach agreement with the opposing party on the matters set forth in the motion.

10.     Defendant respectfully requests that the Court order Plaintiff to, within ten days from the date of any order, provide Defendant with a written statement of damages pursuant to Local Civil Rule 9.4(b), a settlement demand, Plaintiff's Initial Disclosures, and Plaintiff's responses to Sears's First Set of Interrogatories and First Set of Requests for Production.

11.     Additionally, as this motion was necessitated by Plaintiff's refusal to comply with the Court's Scheduling Order, Federal Rule of Civil Procedure 33, Federal Rule of Civil Procedure 34, and Local Civil Rule 9.4(b), and Plaintiff's counsel's refusal to respond to the multiple letters Defendant sent him in January and February, Defendant respectfully request that this Court not count this Motion as one of the two Rule 37 motions provided to Defendant in the Court's Scheduling Order.

Dated: February 27, 2008
Wilmington, Delaware

/s/ Katie A. D'Emilio
Katie A. D'Emilio, Esquire (No.4824)
Ballard Spahr Andrews & Ingersoll LLP
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4450
Facsimile: (302) 355-0831
E-mail: demiliok@ballardspahr.com

and

Steven W. Suflas, Esquire
Jennifer L. Sova, Esquire
Ballard Spahr Andrews & Ingersoll LLP
Plaza 1000 - Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3400
Facsimile: (856) 873-9041
E-mail: suflas@ballardspahr.com
           sovaj@ballardspahr.com

Counsel for the Defendant

# EXHIBIT A

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP

PLAZA 1000, SUITE 500

MAIN STREET

VOORHEES, NEW JERSEY 08043-4636

856-761-3400

FAX: 856-761-1020

WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA

BALTIMORE, MD

BETHESDA, MD

DENVER, CO

LAS VEGAS, NV

PHOENIX, AZ

SALT LAKE CITY, UT

WASHINGTON, DC

WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

JENNIFER L. SOVA

DIRECT DIAL: 856-761-3473

PERSONAL FAX: 856-873-9041

SOVAJ@BALLARDSPAHR.COM

December 7, 2007

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street
Suite 600
Wilmington DE 19801

> Re:  Ross v. Sears, Roebuck and Co.
>       Civil Action No.: 06-272

Dear Mr. Aber:

Pursuant to Delaware Local Civil Rule 9.4(b), by December 17, 2007, please provide me with a written statement of the amount of damages claimed in the above-referenced action.

Very truly yours,

Jennifer L. Sova

JLS/jls

cc:    Steven W. Suflas, Esquire

**EXHIBIT B**

LAW OFFICES
# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PLAZA 1000, SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
WASHINGTON, DC
WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

JENNIFER L. SOVA
DIRECT DIAL: 856-761-3473
PERSONAL FAX: 856-873-9041
SOVAJ@BALLARDSPAHR.COM

December 13, 2007

**By Federal Express**

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street
Suite 600
Wilmington DE 19801

> Re:    Ross v. Sears, Roebuck and Co.
>        Civil Action No.: 06-272

Dear Mr. Aber:

Enclosed please find the following:

- Defendant's Initial Disclosures;

- Defendant's First Set of Interrogatories;

- Defendant's First Set of Requests for Production; and

- Defendant's Deposition Notice to Plaintiff Ronald Ross.

Very truly yours,

Jennifer L. Sova

JLS/pa
Enclosures

cc:    Steven W. Suflas, Esquire

DMEAST #9939509 v1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

RONALD ROSS,                          :
                                      :
      Plaintiff.                 :
                                      :
      v.                         :
                                      :    CA No. 06-272 (SLR)
SEARS ROEBUCK & COMPANY,              :
a/k/a SEARS ROEBUCK & CO.,            :
                                      :
                                      :    **DEFENDANT'S INITIAL**
      Defendant.                 :    **DISCLOSURES**
                                      :

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant

Sears, Roebuck and Co. ("Sears"), by its undersigned attorneys, submits the following Initial

Disclosures.

### I.    Individuals Likely To Have Discoverable Information That Defendant May Use To Support Its Defenses

The following individuals are likely to have discoverable information that Sears

may use to support its defenses:

      1.    Kenneth R. Peters
              District Coach

Ms. Peters has information regarding Plaintiff's job duties, job performance,

training, attempts to accommodate Plaintiff's alleged disability, and the termination of Plaintiff's

employment. Please contact Mr. Peters through the undersigned counsel.

      2.    Lois Rockey
              Former Operations Manager

Ms. Rockey has information regarding Plaintiff's job duties, job performance, training, attempts to accommodate Plaintiff's alleged disability, and the termination of Plaintiff's employment. Please contact Ms. Rockey through the undersigned counsel.

3.    John P. Prosceno
      Operations Manager

Mr. Prosceno has information regarding Plaintiff's job duties, job performance, training, attempts to accommodate Plaintiff's alleged disability, and the termination of Plaintiff's employment. Please contact Mr. Prosceno through the undersigned counsel.

4.    Patricia DePetris
      Assistant Store Manager, Softlines

Ms. DePetris has information regarding Plaintiff's job duties, job performance, training, attempts to accommodate Plaintiff's alleged disability, Sears' human resource policies, and the termination of Plaintiff's employment. Please contact Ms. DePetris through the undersigned counsel.

5.    Johanna B. Hoban
      Human Resources Consultant

Ms. Hoban has information regarding Plaintiff's job duties, job performance, training, attempts to accommodate Plaintiff's alleged disability, Sears' human resource policies, and the termination of Plaintiff's employment. Please contact Ms. Hoban through the undersigned counsel.

6.    Jeanne M. Barlett
      Fair Employment and Accommodations Consultant

Ms. Bartlett has information regarding Plaintiff's job duties, job performance, training, attempts to accommodate Plaintiff's alleged disability, Sears' human resource policies,

and the termination of Plaintiff's employment. Please contact Ms. Bartlett through the

undersigned counsel.

> 7.    Frederick W. Kurz, Ph.D.
>        Psychologist
>        1610 Delaware Avenue - Trolley Square - 32B
>        Wilmington, DE 19806
>        (last known address)

Dr. Kurz has information regarding the psychological evaluation he administered

to Plaintiff on April 13, 2004.

> 8.    Cheryl Kyivskyy.
>        Vocational Rehabilitation Counselor
>        Delaware Department of Labor, Division of Vocational Rehabilitation

Ms. Kyivskyy has information regarding her vocational assessment of Plaintiff

and his job responsibilities at Sears in the spring and summer of 2004.

## II.    Description of Documents, Data And Tangible Things That Wastequip May Use To Support Its Defenses

The following categories of documents may support Sears' defenses in this

matter:

> 1.    Plaintiff's personnel file;
>
> 2.    Lois Rockey's file on Plaintiff;
>
> 3.    Sears's ethics file on Plaintiff;
>
> 4.    Receiving Associate job description;
>
> 5.    Sears's Human Resources Consultant file on Plaintiff;
>
> 6.    Delaware Department of Labor's file regarding Plaintiff's Charge of Discrimination;
>
> 7.    Equal Employment Opportunity Commission's file regarding Plaintiff's Charge of Discrimination;
>
> 8.    Jeanne M. Barlett's notes regarding Plaintiff; and

9.    Records regarding Plaintiff's E-training activity.

All of the above categories of documents are in the possession of the undersigned.

## III.    Computation Of Any Category Of Damages Claimed

Sears has not made a claim for any damages in this action.

## IV.    Insurance Agreement Under Which Insurer May Be Liable To Satisfy A Judgment Entered In This Matter

There is no insurance agreement which would satisfy a judgment entered in this matter against Sears.

BALLARD SPAHR ANDREWS
& INGERSOLL, LLP

Dated: December 13, 2007

Katie D'Emilio, Esquire (No. 4824)
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4450
Facsimile: (302) 355-0831
E-mail: demiliok@ballardspahr.com

Steven W. Suflas, Esquire (*Pro Hac Vice*)
Jennifer L. Sova, Esquire (*Pro Hac Vice*)
Plaza 1000 - Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3400
Facsimile: (856) 873-9041
E-mail: suflas@ballardspahr.com
        sovaj@ballardspahr.com
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I, Jennifer L. Sova, do hereby certify that on the 13th day of December 2007, I

caused a true and correct copy of Defendant Sears Holdings Company's Initial Disclosures to be

served by Federal Express upon the following individual:

> Gary W. Aber, Esquire
> 702 King Street, Suite 600
> P.O. Box 1675
> Wilmington, DE 19899
> Attorney for Plaintiff

Jennifer L. Sova

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RONALD ROSS,                              :
                                          :
      Plaintiff.                    :
                                          :
      v.                            :
                                          :   CA No. 06-272 (SLR)
SEARS ROEBUCK & COMPANY,                  :
a/k/a SEARS ROEBUCK & CO.,                :
                                          :   **DEFENDANT'S FIRST SET**
      Defendant.                    :   **OF INTERROGATORIES**
                                          :

      **PLEASE TAKE NOTICE** that the undersigned attorneys for Defendant Sears,

Roebuck and Co. hereby demand that Plaintiff, Ronald Ross, answer, under oath or certification

pursuant to Fed. R. Civ. P. 33 the following Interrogatories fully within thirty (30) days of the

date of service.

      In responding to these interrogatories, the following definitions and instructions

shall apply:

### DEFINITIONS AND INSTRUCTIONS

      1.    The terms "document" or "documents" shall mean any written, recorded,

filmed, or graphic matter, whether produced, reproduced or on paper, cards, tapes, film,

electronic facsimile, computer storage devices or any other media, including but not limited to,

memoranda, notes, minutes, records, employment files, case files, pleadings, photographs,

correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns,

checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements,

notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, e-mails,

appointment calendars, recordings of oral conversations, and work papers, and also including but

not limited to, originals, drafts and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, that are in the possession, custody or control of Plaintiff, Plaintiff's agents, representatives, or attorneys or any and all persons acting in Plaintiff's behalf.

2.    The term "describe in detail" shall mean to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of facts or law, and to particularize as to time, place and manner.

3.    The term "identify" when used with reference to an individual person shall mean to state his or her full name (or if not known, provide sufficient description so that he or she will be identifiable to the recipients of your answer), job title, employer or business affiliation, and last known business or home address.

4.    The term "identify" when used with reference to a document or written communication shall mean to state the type of document or communication (e.g., memorandum, employment application, letter, handwritten notes, etc.), to state its date, to briefly describe its contents, to identify the author (and if different, the originator and signer), and to identify the person (or, if widely distributed, the organization or classes of persons) to whom the document or communication was sent. You may produce the document or written communication in lieu of identifying it.

5.    The term "identify" when used with reference to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, shall mean to describe in detail the substance of, to state the date and location of, and to identify the

participants in each such communication, discussion, conversation, meeting, conference or statement.

6.    The terms "you" and "your" refer to Plaintiff Ronald Ross and any agent or representative acting on his behalf.

7.    The term "Defendant" refers to Defendant Sears, Roebuck and Co.

8.    In answering these interrogatories, furnish all information that is available to you, including information in the possession of your attorneys or investigators, and not merely such information known of your own personal knowledge. If you cannot answer these Interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible.

9.    If any information requested in these interrogatories is withheld pursuant to a claim of any privilege or that the information constitutes attorney work product or trial preparation material, state the privilege or protection claimed for each item of information expressly, and describe the nature of such information withheld in a manner that, without revealing the privileged or protected information, will enable other parties to assess the applicability of the privilege or protection.

## INTERROGATORIES

1.    Identify all persons known or believed by you to have any knowledge of the facts and incidents alleged in the Complaint.

2.    Identify any expert, including treating physicians, whose opinions may be presented at trial, and for each expert, disclose the information required by Federal Rule of Civil

Procedure 26(a)(2)(B) and copies of the expert's resume and draft reports, and if the expert has not written any such report, provide any oral reports such expert has given.

3.    As to each person whom you may call to testify as an expert witness, please identify: (a) by case name, court and docket number of each case in which the expert has rendered an opinion; (b) the party for whom the expert rendered the opinion; (c) the name of the attorney representing the party; and (d) whether or not the expert testified in the case.

4.    Identify any expert retained by you in anticipation of litigation or in preparation for trial, and for each such expert, attach a copy of his or her resume.

5.    With respect to all damages (including attorneys' fees) you seek in your Complaint, provide the following information:

(a)    describe in detail the types and amounts of all damages you are seeking;

(b)    describe in detail the manner in which you or others acting on your behalf calculated such damages;

(c)    identify each document that relates or refers in any way to such damages, or upon which you have relied in calculating such damages; and

(d)    identify all persons having knowledge or information relating to any damages you contend you suffered as a result of actions by Sears or its employees and/or representatives.

6.    Because you are claiming compensatory damages for mental or physical harm or emotional distress, identify every physician, psychologist, psychiatrist or other health care personnel from whom you have sought or received counseling or medical treatment from January 1, 2000 to the present, and for each, state the individual's name, address, date(s) of treatment, nature of the treatment and reason(s) for the treatment.

7.    Set forth in detail all efforts on your part to secure employment, including self-employment, since being terminated by Sears, including a list of all businesses or entities with whom you have applied for employment and/or with whom you have sought work.

8.    Identify each person from whom you or your attorneys have obtained or will obtain a statement concerning the facts of this case, and, if such statement is in writing, identify each such written statement.

9.    Identify all civil, criminal, and administrative actions, including divorce and bankruptcy actions, to which you have been a party or in which you have testified,  including but not limited to actions before the Equal Employment Opportunity Commission, the Delaware Department of Labor, and the Pennsylvania Human Relations Commission, and include the case name, court or agency name, and other identifying numbers assigned by the agency or court.

10.    Identify any independent contractor and/or employment position (including self-employment) held by you since April 30, 2004.  For each position, identify: (a) your earnings to date; (b) the benefits offered by the position; (c) your job title; (d) your job duties; (e) the name and phone number of your supervisor(s); and (f) the dates of employment.

11.    If you ever plead guilty or have been convicted of a crime, other than a minor traffic violation, state the crime, the date of the crime and court of each conviction.

12.    Do you contend any admissions with regard to the issues in this lawsuit have been made by any party to the lawsuit or by any party's agent, servant, or employee? If so, identify the person who made the admission and the substance of the admission.

13.    Because you are claiming you suffer from a disability, identify every

physician, psychologist, psychiatrist or other health care personnel from whom you have sought

or received counseling or medical treatment for your alleged disability from January 1, 2000 to

the present, and for each, state the individual's name, address, date(s) of treatment, nature of the

treatment and reason(s) for the treatment.

BALLARD SPAHR ANDREWS
& INGERSOLL, LLP

Dated: December 13, 2007

Katie D'Emilio, Esquire (No. 4824)
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4450
Facsimile: (302) 355-0831
E-mail: demiliok@ballardspahr.com

Steven W. Suflas, Esquire (*Pro Hac Vice*)
Jennifer L. Sova, Esquire (*Pro Hac Vice*)
Plaza 1000 - Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3400
Facsimile: (856) 873-9041
E-mail: suflas@ballardspahr.com
          sovaj@ballardspahr.com
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I, Jennifer L. Sova, do hereby certify that on the 13th day of December 2007, I

caused a true and correct copy of Defendant Sears Holdings Company's First Set of

Interrogatories to be served by Federal Express upon the following individual:

> Gary W. Aber, Esquire
> 702 King Street, Suite 600
> P.O. Box 1675
> Wilmington, DE 19899
> Attorney for Plaintiff

Jennifer L. Sova

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD ROSS, | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| v. | : | |
| | : | CA No. 06-272 (SLR) |
| SEARS ROEBUCK & COMPANY, | : | |
| a/k/a SEARS ROEBUCK & CO., | : | |
| | : | **DEFENDANT'S FIRST SET** |
| Defendant. | : | **OF REQUESTS FOR PRODUCTION** |
| | : | |

**PLEASE TAKE NOTICE** that the undersigned attorneys for Defendant Sears,

Roebuck and Co. ("Sears") hereby demand that Plaintiff, Ronald Ross, produce the following

documents for inspection and copying pursuant to Fed. R. Civ. P. 34 within thirty (30) days of

the date of service at the law offices of Ballard Spahr Andrews & Ingersoll, LLP, Plaza 1000 -

Suite 500, Main Street, Voorhees, New Jersey.

In responding to these requests, the following definitions and instructions shall

apply:

### DEFINITIONS AND INSTRUCTIONS

1.      The terms "document" or "documents" shall mean any written, recorded,

filmed, or graphic matter, whether produced, reproduced, or on paper, cards, tapes, film,

electronic facsimile, computer storage devices or any other media, including but not limited to

memoranda, notes, minutes, records, employment files, case files, pleadings, photographs,

correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns,

checks, check stubs, reports, studies, responses to questionnaires, charts, graphs, statements,

notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, E-mails,

appointment calendars, recordings of oral conversations, and work papers, and also including but

not limited to, originals, drafts and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, or otherwise, that are in the possession, custody or control of Plaintiff, Plaintiff's agents, representatives, or attorneys, or any and all persons acting on Plaintiff's behalf.

2.    The terms "you" and "your" refer to Plaintiff Ronald Ross and any agent or representative acting on Plaintiff's behalf.

3.    The term "Defendant" refers to Defendant Sears, Roebuck and Co.

4.    In responding to this request, produce all documents that are available to you, including documents in the possession of your attorneys, investigators or experts, and not merely documents in your own personal possession. If you cannot produce a particular document after exercising due diligence to find or obtain the document, so state.

5.    If the production of any of the documents requested below is withheld pursuant to a claim of any privilege or that the document or the information contained in the document constitutes attorney work product or trial preparation material, state the privilege or protection claimed for each document expressly, and describe the nature of the documents not produced or disclosed in a manner that, without revealing the privileged or protected information, will enable other parties to assess the applicability of the privilege or protection.

## DOCUMENTS TO BE PRODUCED

1.    Documents that relate or refer to your employment with Sears, including but not limited to employment applications, resumes, records of wages and fringe benefits, performance evaluations, employee handbooks, policy manuals, disciplinary rules, job

assignments, notifications of wage increases, warnings or other disciplinary communications, or termination notices.

2.    Documents that relate or refer to your claims in this case.

3.    Documents that you maintain or maintained as personal records, notes and/or diaries that refer to any matter occurring in the course of your employment with Sears.

4.    Documents that relate or refer to your attempts to find employment from April 30, 2004 to the present, including but not limited to copies of employment applications, resumes and correspondence to or from potential employers and employment agencies.

5.    Documents that relate or refer to any job (including self-employment) you have held from April 30, 2004 to the present, including but not limited to documents relating to your job title, job status, rate of pay and benefits, descriptions of jobs held and work performed, employee handbooks, benefit statements, plan documents and summary plan descriptions.

6.    Documents that relate or refer to the amount and sources of income received by you or accruing to you from April 30, 2004 to the present, including but not limited to your federal or state income tax forms, W-2 forms and payroll check stubs.

7.    Documents that relate or refer to the damages or other monetary relief you are seeking in this action.

8.    Documents that constitute, relate or refer to communications between you and any current or former employee of Sears since April 30, 2004.

9.     Documents submitted by you to, or received by you from, the Delaware Department of Labor, Division of Unemployment, regarding any claim for unemployment compensation filed by you or on your behalf against Sears or relating to the period from April 30, 2004 to the present.

10.    Documents that relate or refer to any counseling or medical treatment sought or received by you from any individual identified in your response to Interrogatory No. 6 of Defendant's First Set of Interrogatories, including but not limited to medical records, prescriptions, diagnoses, benefit claim forms and receipts.

11.    Documents identified by you in response to Defendant's First Set of Interrogatories.

12.    Documents given to, or produced by, any expert identified in response to Interrogatory No. 2 of Defendant's First Set of Interrogatories, including reports and draft reports.

13.    Documents submitted by you to, or received by you from, the Delaware Department of Labor referring or relating to any claims, complaints, or actions brought by you or on your behalf by any agency or person against Sears or any of its employees.

14.    Documents submitted by you to, or received by you from, the Equal Employment Opportunity Commission referring or relating to any claims, complaints, or actions brought by you or on your behalf by any agency or person against Sears or any of its employees.

15.    Documents relating to any civil, criminal, or administrative actions identified in response to Interrogatory No. 9 of Defendants' First Set of Interrogatories.

16.     Documents submitted by you to, or received by you from, the Delaware Department of Labor, Division of Vocational Rehabilitation, referring or relating to any claims, complaints, or actions brought by you or on your behalf by any agency or person against Sears or any of its employees.

17.     Documents that your parents or other family members maintain or maintained as personal records, notes and/or diaries that refer to any matter occurring in the course of your employment with Sears.

18.     Documents that relate or refer to any counseling or medical treatment sought or received by you from any individual identified in your response to Interrogatory No. 13 of Defendant's First Set of Interrogatories, including but not limited to medical records, prescriptions, counseling notes, diagnoses, benefit claim forms and receipts.

19.   Documents submitted by you to, or received by you from, any federal,

state, or local agency or private organization referring or relating to any vocational or job

placement services provided to you April 30, 2004 to the present.


BALLARD SPAHR ANDREWS
& INGERSOLL, LLP

Dated: December 13, 2007


Katie D'Emilio, Esquire (No. 4824)
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4450
Facsimile: (302) 355-0831
E-mail: demiliok@ballardspahr.com

Steven W. Suflas, Esquire (*Pro Hac Vice*)
Jennifer L. Sova, Esquire (*Pro Hac Vice*)
Plaza 1000 - Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3400
Facsimile: (856) 873-9041
E-mail: suflas@ballardspahr.com
         sovaj@ballardspahr.com
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I, Jennifer L. Sova, do hereby certify that on the 13th day of December 2007, I caused a true and correct copy of Defendant Sears Holdings Company's First Set of Requests for Production to be served by Federal Express upon the following individual:

>Gary W. Aber, Esquire
>702 King Street, Suite 600
>P.O. Box 1675
>Wilmington, DE 19899
>Attorney for Plaintiff

Jennifer L. Sova

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RONALD ROSS,                                  :
                                              :
                   Plaintiff.                 :
                                              :
        v.                                    :
                                              :        CA No. 06-272 (SLR)
SEARS ROEBUCK & COMPANY,                      :
a/k/a SEARS ROEBUCK & CO.,                    :
                                              :        **DEFENDANT'S DEPOSITION**
                   Defendant.                 :        **NOTICE TO PLAINTIFF**
                                              :
————————————————————————                      :

        Defendant Sears, Roebuck and Co. by its undersigned attorneys, hereby demands

that Plaintiff Ronald Ross be produced for oral deposition under oath at the offices of Ballard,

Spahr, Andrews, & Ingersoll, LLP, 919 Market Street, 12th Floor, Wilmington, Delaware 19801,

on February 14, 2008 at 10:00 am and February 15, 2008 at 10:00 am.

DMEAST #9939519 v1

The deposition will be taken for the purposes of discovery and all other purposes provided by law.

Dated: December 13, 2007

BALLARD SPAHR ANDREWS
& INGERSOLL, LLP

Katie D'Emilio, Esquire (No. 4824)
919 Market Street, 12th Floor
Wilmington, DE 19801
Phone: (302) 252-4450
Facsimile: (302) 355-0831
E-mail: demiliok@ballardspahr.com

Steven W. Suflas, Esquire (*Pro Hac Vice*)
Jennifer L. Sova, Esquire (*Pro Hac Vice*)
Plaza 1000 - Suite 500, Main Street
Voorhees, New Jersey 08043
Phone: (856) 761-3400
Facsimile: (856) 873-9041
E-mail: suflas@ballardspahr.com
         sovaj@ballardspahr.com
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I, Jennifer L. Sova, do hereby certify that on the 13th day of December 2007, I caused a true and correct copy of Defendant Sears Holdings Company's Deposition Notice to Plaintiff to be served by Federal Express upon the following individual:

> Gary W. Aber, Esquire
> 702 King Street, Suite 600
> P.O. Box 1675
> Wilmington, DE 19899
> Attorney for Plaintiff

Jennifer L. Sova

# EXHIBIT C

LAW OFFICES

# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PLAZA 1000, SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
WASHINGTON, DC
WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

JENNIFER L. SOVA
DIRECT DIAL: 856-761-3473
PERSONAL FAX: 856-873-9041
SOVAJ@BALLARDSPAHR.COM

January 16, 2008

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
Wilmington, DE 19801

> Re:  Ross v. Sears, Roebuck and Co.
> Civil Action No.: 06-272 (SLR)

Dear Mr. Aber:

When we last spoke during the Rule 16 Conference on December 18, 2007, you represented that you would have a settlement demand from Mr. Ross shortly. It has been over a month and I have still not received any demand. As you will recall, I first asked for a settlement demand back in June 2006.

Also, January 10, 2008 was the deadline for the parties to exchange their Initial Disclosures. I have not received Mr. Ross's disclosures. Please provide them promptly.

Finally, Mr. Ross's responses to Sears' written discovery were due on Monday. Please advise when I should expect the responses, as I may need to postpone Mr. Ross's scheduled deposition for February 14 and 15, 2008 if those responses are not received shortly.

Very truly yours,

Jennifer L. Sova

JLS/jls
cc:  Steven W. Suflas, Esquire

**EXHIBIT D**

LAW OFFICES
## BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PLAZA 1000, SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
WASHINGTON, DC
WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

JENNIFER L. SOVA
DIRECT DIAL: 856-761-3473
PERSONAL FAX: 856-873-9041
SOVAJ@BALLARDSPAHR.COM

January 25, 2008

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street
Suite 600
Wilmington, DE 19801

> Re:    Ross v. Sears, Roebuck and Co.
> Civil Action No.: 06-272 _____

Dear Mr. Aber:

I still have not received: (1) Plaintiff's Initial Disclosures, which were due on January 10, 2008 per the Court's Scheduling Order; (2) Plaintiff's responses to Defendant's written discovery, which were due on January 14, 2008; and (3) a settlement demand. Nor have you contacted me to request an extension to respond to Defendant's written discovery. Therefore, I have no choice but to postpone Plaintiff's scheduled deposition on February 14 and 15, 2008.

Please call me to discuss Plaintiff's outstanding discovery responses. If I do not hear from you by February 1, 2008, I will contact the Court.

Very truly yours,

Jennifer L. Sova

JLS/jls
cc:    Steven W. Suflas, Esquire

**EXHIBIT E**

LAW OFFICES
# BALLARD SPAHR ANDREWS & INGERSOLL, LLP

A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
PLAZA 1000, SUITE 500
MAIN STREET
VOORHEES, NEW JERSEY 08043-4636
856-761-3400
FAX: 856-761-1020
WWW.BALLARDSPAHR.COM

PHILADELPHIA, PA
BALTIMORE, MD
BETHESDA, MD
DENVER, CO
LAS VEGAS, NV
PHOENIX, AZ
SALT LAKE CITY, UT
WASHINGTON, DC
WILMINGTON, DE

PARTNER RESPONSIBLE FOR
VOORHEES, NJ PRACTICE
BENJAMIN A. LEVIN

JENNIFER L. SOVA
DIRECT DIAL: 856-761-3473
PERSONAL FAX: 856-873-9041
SOVAJ@BALLARDSPAHR.COM

February 14, 2008

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street
Suite 600
Wilmington, DE 19801

Re:    Ross v. Sears, Roebuck and Co.
Civil Action No.: 06-272

Dear Mr. Aber:

I am writing in a final attempt to secure your client's compliance with discovery obligations. You have not responded to my multiple attempts to reach out to you, either to comply with the Court's Scheduling Order directing you to serve me with Plaintiff's Initial Disclosures by January 10, 2008, or to respond to the written discovery that I sent you back on December 13, 2007.

Specifically, I wrote to you on January 16 and again on January 25 to alert you to these delinquencies. Moreover, I was forced to postpone your client's deposition, which I had noticed for February 14 and February 15. You did not respond to any of my letters. Therefore, I have no choice but to file a Motion to Compel your client to provide the outstanding discovery and Initial Disclosures if you do not respond by February 26, 2008.

Very truly yours,

Jennifer L. Sova

JLS/jls
cc:    Steven W. Suflas, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RONALD ROSS,                           :
                                       :
          Plaintiff.                   :
                                       :
     v.                                :
                                       :        CA No. 06-272 (SLR)
SEARS ROEBUCK & COMPANY,               :
a/k/a SEARS ROEBUCK & CO.,             :
                                       :
          Defendant.                   :
                                       :

## ORDER

**THIS MATTER** having been opened to the Court by Ballard Spahr Andrews & Ingersoll, LLP, attorneys for Defendant Sears Roebuck & Company ("Sears") in the above-captioned matter; and the Court having considered the motion papers, the papers filed in opposition thereto, and the argument of counsel, if any, and for good cause shown, it is hereby

**ORDERED** on this _____ day of _____, 2008, that by no later than the _____ day of _____, 2008, Plaintiff Ronald Ross shall serve Sears with his Initial Disclosures, responses to Sears's First Set of Interrogatories and First Set of Requests for Production, and a written demand of damages pursuant to Local Civil Rule 9.4(b).

**IT IS FURTHER ORDERED** that Sears's instant Motion shall not be counted as one of its two Rule 37 motions permitted by the Court's December 18, 2007 Scheduling Order.

_____
Hon. Sue L. Robinson, U.S.D.J.

## CERTIFICATE OF SERVICE

I, Katie A. D'Emilio, do hereby certify that on the 27th day of February, 2008, I

caused a true and correct copy of Defendant Sears Holdings Company's Motion to Compel

Plaintiff to Comply with Discovery Obligations and supporting papers to be filed electronically

with the Court via ECF and to be served by same upon the following individual:

Gary W. Aber, Esquire
Attorney for Plaintiff
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899

/s/ Katie A. D'Emilio
Katie A. D'Emilio (No. 4824)